UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH F. CALLAHAN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-03924-JMS-MPB |
| DUSHAN ZATECKY, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Joseph F. Callahan for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISR 18-06-0135. For the reasons explained in this Entry, Mr. Callahan's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On June 22, 2018, Sergeant Shaw wrote a Report of Conduct charging Mr. Callahan with violating offense B-202, possession or use of controlled substance. The conduct report states:

> On 6-22-18 at the approx. time of 1:55 am I Sgt. A. Shaw was conducting a cell search of Offender Joseph Callahan#25714 6 on 1B. I Sgt. A. Shaw found a smoking pipe with a unknown substance in it on offender Callahan's cabinet.

Dkt. 9-1.

A photograph was taken of the pipe in Mr. Callahan's cell. Dkt. 9-2.

On June 25, 2018, the screening officer notified Mr. Callahan of the charge and served him with a copy of the conduct report and the screening report. Dkt. 9-4. Mr. Callahan signed both reports. Dkt. 9-1; dkt. 9-4. Mr. Callahan was notified of his rights and pleaded not guilty. Dkt. 9-4. Mr. Callahan failed to specify whether he requested any witnesses. *Id.* He requested one piece of physical evidence: "smudge, not a controlled substance." *Id.* Based on Mr. Callahan's "smudge" statement, the screening officer emailed an investigator at the facility, who wrote in response, "The item found on Offender Callahan DOC 25714 was identified as a homemade smoking device. I see no reason this would be used for Native American Services." Dkt. 9-3.

A hearing was conducted on July 2, 2018. Dkt. 9-5. Mr. Callahan pleaded not guilty and made the following statement:

> It was not a controlled substance. That was not what it was used for. I asked for testing and that was not provided. I use this to smudge. Body of the conduct does not support the charge.

*Id.*

The hearing officer found Mr. Callahan guilty after considering staff reports, Mr. Callahan's statement, the email from the investigator, and the photo. *Id.* The hearing officer also noted that the investigator reported there was only residue in the pipe, not enough substance to

test. *Id.* Due to the nature of the offense, Mr. Callahan's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on Mr. Callahan's future behavior, the hearing officer sanctioned Mr. Callahan with a written reprimand, a thirty-day loss of phone privileges, and thirty days of lost good-time credit. *Id.*

Mr. Callahan's appeals to the Facility Head and to the Final Reviewing Authority were denied. This habeas action followed.

**C.    Analysis**

Mr. Callahan alleges that his due process rights were violated in the disciplinary proceeding. His sole claim is a challenge to the sufficiency of the evidence.

"The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Callahan argues that no evidence supports the charge of possession or use of a controlled substance, B-202. This offense is defined by the Indiana Department of Correction as:

> Possession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike.

Dkt. 9-8 at 4.

Neither party asserts that the smoking pipe constituted a controlled substance. The Respondent argues that the pipe satisfies the "drug paraphernalia" portion of the definition. Mr. Callahan strongly disagrees. Mr. Callahan has stated throughout the proceedings that his pipe was

used for smudging as part of his Native American religious services. The hearing officer relied on the opinion of an investigator who, when asked about the pipe being used for smudging, responded, "I see no reason this would be used for Native American Services." Dkt. 9-3. Mr. Callahan argues that the opinion of one investigator/staff member should be given no weight and that the question about Native American religious services should have been directed to a Religious Services staff member instead.

While Mr. Callahan's objections to his pipe being defined as "drug paraphernalia" are understandable, this Court's role is not to reweigh the evidence. *See Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). Here, the conduct report, photograph of the pipe, and the opinion of the investigator constitute "some evidence." Therefore, Mr. Callahan's challenge to the sufficiency of the evidence must fail.

Mr. Callahan was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Callahan's due process rights.

### D.   Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Mr. Callahan to the relief he seeks. Accordingly, Mr. Callahan's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/28/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH F. CALLAHAN
25714
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Matthew Stephen Koressel
INDIANA ATTORNEY GENERAL
matthew.koressel@atg.in.gov